UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| DERRICK GRANT, | ) | C/A No.: 4:15-cv-2728-PMD-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN, BROAD RIVER | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Derrick Grant, (Petitioner), appearing *pro se*, filed his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 9, 2015. (Doc. #1).

Respondent filed a motion for summary judgment on December 14, 2015, along with

a return and memorandum. (Docs. #21 and #22). The undersigned issued an order

filed December 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #24). After receiving

an extension of time, Petitioner filed a response in opposition on February 18, 2016.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

(Doc. #34).

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Broad River Correctional Institution. The Berkley County Grand Jury indicted Petitioner during the March 2003 term for one count of murder. Petitioner represented himself with the aid of standby counsel, Public Defender Patricia Kennedy.  A jury trial was held on February 23-27, 2004, before the Honorable R. Markley Dennis, Jr.  Petitioner was convicted by the jury as charged. Judge Dennis sentenced Petitioner to life imprisonment.

### **Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner. On appeal, Petitioner was represented by Chief Appellate Defender Joseph L. Savitz, III, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Counsel Savitz filed an <u>Anders</u> Brief of Appellant in the South Carolina Court of Appeals and petitioned to be relieved of counsel raising the following issue:

> The trial judge committed reversible error by failing to instruct the jury on mere presence, since there was a question of whether Grant was guilty of the murder as an accomplice.

(Anders brief, attachment 2).

On March 30, 2009, the South Carolina Court of Appeals issued an order denying the petition to be relieved as counsel and directed the parties to brief two issues which the court framed as follows:

> (1) Did Appellant knowingly and intelligently waive his right to counsel?
>
> (2) If the record fails to show whether there was a valid waiver of the right to counsel, what is the appropriate remedy?

On June 29, 2008, Petitioner filed his Brief of Appellant.    (Attachment 2, Supplemental Appendix, PCR Appeal, pp. 14-22).  On September 24, 2009, the State requested remand to attempt reconstruction of hearings with regard to advice, if any, that was given regarding the waiver of the right to counsel which was granted and for specific findings as to the waiver. (Attachment 5). The South Carolina Court of Appeals granted the motion on December 16, 2009. (Attachment 6).  The prior trial judge, Judge Dennis, convened a reconstruction hearing on January 29, 2010. (Attachment 1, PCR App. pp. 889-892).  Judge Dennis recalled that "every single time we met, every single hearing we had, I revisited that issue," i.e. the waiver of the right

to counsel, and also the day of trial. (Attachment 1, PCR App. p. 917). Judge Dennis confirmed his ruling that Petitioner made a knowing and intelligent waiver of his right to counsel. (Attachment 1, PCR App. p. 918).

On October 6, 2010, the State filed its Brief of Respondent. (Attachment 7). The South Carolina Court of Appeals affirmed the conviction by unpublished opinion issued November 9, 2011. (Attachment 1, PCR App. pp. 925-926). Petitioner did not petition for rehearing or seek certiorari review from the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on November 27, 2011. (Attachment 8).

**PCR**

Petitioner filed his application for post-conviction relief (PCR) on May 11, 2012, alleging ineffective assistance of appellate counsel and denial of due process. Petitioner was represented by Charles T. Brooks, III, Esquire. The State made its return on July 1, 2013. On July 12, 2013, PCR counsel filed an amendment to the PCR application raising the following issues:

1.     Appellate counsel did not argue on appeal:

2.     Appellate counsel did not show up for January 29, 2010 reconstruction hearing.

4

(Tr. 934).

On July 17, 2013, PCR counsel filed a second amended application raising the following issue:

> Applicant contends his June 11, 2003, DNA Pre-trial hearing as unconstitutional due to the fact he was without counsel and did not knowingly and intelligently waive his right to Court appointed counsel. (Attachment 1, PCR App. p. 935).

An evidentiary hearing was held September 18, 2013, before the Honorable Roger M. Young, Sr. (Attachment 1, PCR App. p. 940). Judge Young heard testimony from Petitioner and former appellate counsel, Mr. Savitz, and the former deputy solicitor, Mr. Blair Jennings, Esq. The testimony focused on appellate counsel's failure to raise on appeal an issue contesting not just waiver of the right to counsel at trial, but also waiver at the time of the pre-trial hearing for DNA samples. Of note, Mr. Jennings testified that prior to that hearing, Petitioner had previously provided blood and hair samples; however, the State requested a formal hearing to ensure there was no deficiency procedurally. (See Attachment 1, PCR App. p. 984; pp. 987-989). At the conclusion of the hearing, Judge Young took the matter under advisement. (Attachment 1, PCR App. p. 995). By order dated March 10, 2014, filed March 13, 2014, Judge Young denied relief and dismissed the action. (Attachment 1, PCR App. pp. 1009-1017). Petitioner appealed the denial of relief.

## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR appeal and was represented by Lara M. Caudy of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. A petition for writ of certiorari was filed in the South Carolina Supreme Court on Petitioner's behalf raising the following allegations:

One:    Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when appellate counsel failed to attend a remand hearing held on January 29, 2010 to reconstruct the record of a hearing held on April 30, 2003 where Petitioner allegedly waived his right to counsel and was warned of the dangers of self-representation since this prevented Petitioner from taking any sworn testimony and arguing that the record could not be reconstructed for meaningful appellate review of the issue of whether Petitioner knowingly and intelligently waived his right to counsel at trial?

Two:    Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when appellate counsel failed to argue on appeal that Petitioner did not knowingly and intelligently waive his right to counsel at the June 11, 2003, Schmerber hearing where the court ordered Petitioner to allow the state to take samples of his blood and hair to be used for DNA comparison testing?

(Return, Attachment 9).

The State filed a return on January 7, 2015. Petitioner's PCR action concluded upon the Supreme Court of South Carolina's denying the petition for writ of certiorari

6

on March 4, 2015, and issuing its remittitur on March 20, 2015. (Attachments 11 and

12).

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his petition, quoted verbatim:

| | |
|---|---|
| GROUND ONE: | Appellant did not knowingly and intelligently waive his right to counsel. |
| Supporting facts: | The purported Faretta waiver in Grant's case was not valid. In the first place, it appears to have been spread over the course of at least two hearings, at the latter of which Grant was already representing himself. Moreover, the trial judge did not adequately address the dangers of self-representation. |
| GROUND TWO: | As a transcript of the initial waiver hearing is apparently unavailable, the proper remedy would be to reverse Grant's conviction. |
| Supporting Facts: | The usual remedy for a deficient or nonexistent of waiver of counsel is a remand for an evidentiary hearing to determine whether the waiver was in fact, knowing and intelligently made. However, the Court of Appeals can Gran[t] an appellant a new trial without an evidentiary hearing if it is clear a hearing on remand would serve no useful purpose. In this case a transcript of a waiver hearing is nonexistent. |
| GROUND THREE: | Whether petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when appellate counsel failed to attend a remand hearing held |

7

on January 29, 2010

| | |
|---|---|
| Supporting Facts: | To reconstruct the record of a hearing held on April 30, 2003 where petitioner allegedly waived his right to counsel and was warned of the dangers of self representation since this prevented petitioner from taking any sworn testimony and arguing that the record could not be reconstructed for meaningful appellate review of the issue of whether petitioner knowingly and intelligently waived his right to counsel at trial. |
| GROUND FOUR: | Whether petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when appellate counsel failed to argue on appeal that Petitioner did not knowingly and intelligently waive his right to counsel |
| Supporting Facts: | At the June 11, 2003 Schmerber hearing where the Court ordered Petitioner to allow the State to take samples of his blood and hair to be used for DNA comparison testing |

(Petition) (errors in original).


## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an

issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.   Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

10

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition7 under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has

11

"the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

## Ground One

In Ground One, Petitioner argues that he did not knowingly and intelligently waive his right to trial counsel. Petitioner argues that the waiver was not valid because it was spread over the course of at least two hearings and he was already representing himself at the time of the second hearing. Additionally, Petitioner argues that the trial judge did not adequately address the dangers of self-representation.

A defendant may waive his right to counsel; however, a waiver of counsel must be knowing, voluntary, and intelligent. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Court in Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942), described a waiver as intelligent when a defendant "knows what he is doing and his choice is made with eyes open." Id. at 279. However, the Court has not prescribed a particular script or colloquy required for a valid waiver. Rather, the validity of a waiver is determined on "a range of case-specific factors, including the defendant's  education or sophistication, the complex or easily grasped nature of the charge, and the stage of the

proceeding." <u>See</u> <u>Johnson</u>, 304 U.S. at 464. "The law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances-even though the defendant may not know the specific detailed consequences of invoking it." <u>Iowa v. Tovar</u>, 541 U.S. 77, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004)(citing <u>United States v. Ruiz</u>, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002)).

Here, a copy of the transcript concerning the waiver of right to counsel could not be located. Therefore, the trial judge was instructed by the South Carolina Court of Appeals to hold a hearing to reconstruct the record. At the time of the reconstructive hearing, the trial judge found that Petitioner had made a knowing and voluntary decision to waive his right to counsel. (Tr. 918). The trial judge noted that he would not have signed the order relieving original trial counsel unless he found that Petitioner knowingly waived his right to trial counsel. (Tr. 919). The South Carolina Court of Appeals concluded as follows:

> Here, we find the record shows Grant was knowingly and voluntarily exercising his informed free will. In addition to the circuit court's repeated warnings of the dangers of self-representation throughout the pretrial phase and at the beginning of the trial, the record, in light of the <u>Cash</u>[2]

---

[2] <u>State v. Cash</u>, 309 S.C. 40, 42-43, 419 S.E.2d 811, 813 (Ct. App. 1992).

factors, supports the finding Grant understood his right to counsel and the consequences of self-representation. Grant was a literate adult with a criminal history, but no evidence suggests any physical or mental impairment. He was represented by counsel until he requested the circuit court, approximately four months after his arrest, to relieve him of his representation for irreconcilable differences over how his defense should be conducted. Grant never attempted to delay proceedings, voluntarily withdrawing his only motion for a continuance of the trial. Up until he was assisted by standby counsel, he made several motions to suppress evidence and requests for discovery materials under Rule 5, SCRCrimP. Moreover, the circuit court, on multiple occasions, suggested he retain a public defender to represent him. However, Grant made his mistrust of public defenders clear, noting he was comfortable with his self-representation while also declaring he was "scared out of [his] mind, not knowing nothing about nothing." Cf. Caratta, 422 U.S. 807-08 (involving a defendant who opted to represent himself because of what he perceived as an overwhelming caseload of the public defender).

At trial, Grant displayed a competent understanding of the process. He made several objections and successfully suppressed a photograph for its prejudicial effect. He cross-examined many of the State's witnesses, engaging the State's investigators in particularly lengthy examinations. Thus, the record shows Grant knew what he was doing and that he made his choice with eyes open. Accordingly, the decision of the circuit court is AFFIRMED.

(Tr. 926).

The South Carolina Court of Appeals determined that the trial judge did not err in concluding that Petitioner knowingly waived his right to counsel and was informed of the dangers of self-representation by the trial judge. A presumption of correctness

14

attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000). The State court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. The trial judge issued an order granting Petitioner's request to terminate his counsel who was retained by Petitioner's father. In the order signed May 5, 2003, it stated that Petitioner's was made aware of the nature of his request to terminate counsel and that ". . . much discussion was had with the Defendant regarding the seriousness of the charged offenses and the potential impact upon the Defendant should his request be granted. The Defendant was extremely adamant and I find it was clear and convincing from our discussion that he will not accept the help of nor would he cooperate with George B. Bishop, Jr., Esquire in his defense had I ordered Mr. Bishop to continue his representation." (Doc. #21-4, at 3). In the pretrial proceedings, the trial judge admonished Petitioner of dangers and responsibilities of self representation and inquired of Petitioner if he wanted to continue to represent himself and not have appointed counsel to which he responded each time that he wanted to continue representing himself. (Tr. 30-38, 121-122, 124).[3] After continuing to warn Petitioner at the different pre-trial motion hearings and status conference that he

---

[3] Among other things, the judge advised Petitioner of the need to know the rules of court and rules of evidence and that the judge would not be able to advise him on how to proceed.

should consider having counsel, Petitioner requested appointment of co-counsel. The trial judge explained to Petitioner that he could not appoint co-counsel because that would be hybrid representation, but he appointed  counsel to assist Petitioner clearly explaining to him that it was not co-counsel. (Tr. 66-69). At the beginning of the trial, the trial judge again questioned Petitioner on whether he wanted to continue to represent himself, which he stated he wanted to proceed with trial representing himself. The trial judge again stated that he had advised Petitioner that it "is not a good idea, but it is your decision to continue to go forward. . . " (Tr. 124). At the reconstruction hearing, the trial judge noted that  " . . . every single time after April that we had a discussion about the dangers of representing ones self. . . " (Tr. 910). Petitioner's original trial counsel, Mr. Bishop, testified at the reconstruction hearing that the trial judge went into the dangers of self-representation so thorough and "I recall very clearly that you admonished him to the dangers of that. . . " (tr. 900) Bishop thought the trial judge was going to deny Petitioner's request to relieve him as counsel. (Tr. 901). The assistant solicitor, Mr. Jennings, stated that the trial judge had a colloquy with Petitioner and went over the dangers of representing himself and Petitioner continued to confirm that he wanted to continue to represent himself. (Tr. 904-909). At the time of the reconstruction hearing, the only statements Petitioner would make was ". . . I didn't want to represent myself. I was forced to represent

myself. That's all I have to say." Petitioner was asked by the court how he was pressured. Petitioner stated that he was "[p]ressure by the system." (Tr. 903) When asked to explain himself several times, Petitioner would only state "[t]hat's all I have to say." (Tr. 903, 904). The South Carolina Court of Appeals found the waiver of counsel was knowingly and voluntarily made. The state court's determination was neither a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Accordingly, it is recommended that Ground One be dismissed.

**Ground Two**

In Ground Two, Petitioner argues that his conviction should be reversed since the transcript of the initial waiver hearing is unavailable. Respondent argues that the direct appeal records reveal that an effort was made to find the transcript of the waiver hearing. When the transcript could not be located, a reconstruction hearing was held on January 29, 2010, in which the trial judge affirmed his ruling recalling having engaged in specific conversation with Petitioner about the dangers of self-representation. The Court of Appeals found the sufficiency of the waiver to be well-

supported by the record and that there could be no error in the Court's treatment of the separate issue. Respondent argues that the Court of Appeals' ruling does not offend any principle of federal law especially where there was a remand and other transcripts in support of the waiver. (Doc. #21, at 16).

In this case, the transcript of the initial waiver could not be located. Although they were unable to locate the transcript of the initial waiver hearing, the matter was remanded to the trial court to reconstruct the hearing. Petitioner fails to identify what principle of law appropriate for habeas review that this process offends. Nonetheless, the reconstruction hearing was held, and there were various other pre-trial hearings that addressed this issue for which transcripts were available. Petitioner fails to show how the state court unreasonably applied clearly established federal law with relation to this issue. Therefore, it is recommended that Ground Two be denied and Respondent's motion for summary judgment granted.

**<u>Ground Three</u>**

In Ground Three, Petitioner alleges a constitutional violation to the effective assistance of counsel when his appellate counsel failed to attend a remand hearing on reconstruction held on January 29, 2010. Petitioner argues that this prevented him

from being able to take any sworn testimony and argue that the record could not be reconstructed for meaningful appellate review on his argument that he did not knowingly and intelligently waive his right to counsel at trial.

Respondent argues that the PCR court's finding that counsel had secured the presence of another attorney, former standby counsel Ms. Kennedy, to stand in his place at the reconstruction hearing, and that the record supports that Ms. Kennedy participated at the hearing particularly in assisting Judge Dennis with procedural background was a reasonable finding under Strickland. The PCR court further found that Petitioner failed to show prejudice.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under

prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985)

(quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)).  In meeting the

second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal.  <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional  errors,
> the result of the proceeding would have been different.  A
> reasonable  probability  is  a  probability  sufficient  to
> undermine confidence in the outcome.

<u>Strickland</u>, at 694.

The court further held at page 695 that:

> [A] court  deciding  an  actual  ineffectiveness  claim  must
> judge the reasonableness of counsel's challenged conduct
> on the facts of the particular case, viewed as of the time of
> counsel's  conduct  .  .  .  the  court  must  then  determine
> whether, in light of all the circumstances, the identified acts
> or omissions were outside the <u>wide</u> <u>range</u> of professionally
> competent assistance.  (Emphasis added.)

<u>Id</u>.; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

<u>Strickland</u> analysis).

The PCR court held the following with respect to this issue:

> This Court also finds counsel was not ineffective for not
> being present at the Applicant's reconstruction hearing.
> This Court finds appellate counsel adequately secured
> another attorney-Patricia Kennedy, Esquire, to sit in his

place during the Applicant's June[4] 29, 2010 reconstruction hearing. This Court finds and the record reflects Kennedy spoke on the Applicant's behalf and assisted the Court with any procedural questions with regard to the Applicant case on appeal. The record also reflects the Applicant was given several opportunities to present to the Court his recollection of the April 30th waiver hearing. This Court finds the Applicant has failed to carry his burden of proving any prejudice from counsel's absence. The Applicant has also failed to show what appellate counsel's presence would have added to the reconstruction hearing. Appellate counsel was neither present at the Applicant's pre-trial waiver hearing or at trial and it is unlikely he would have had anything to put on the record with regard to what took place at the waiver h[e]aring. This Court finds the Applicant failed to carry his burden of proving counsel was ineffective for being absent from the Applicant's reconstruction hearing.

(Tr. 1016).

The PCR court found Petitioner failed to carry his burden of proving counsel was ineffective for being absent from the reconstruction hearing. Furthermore, it found Petitioner failed to show prejudice. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1). Counsel had attorney Kennedy to attend the reconstruction hearing with Petitioner, she spoke on Petitioner's behalf, and assisted

---

[4] The correct date was January 29, 2010.

the court with any procedural questions. (Tr. 889-923). Petitioner was given the chance to add anything to the record and to explain his position but he refused to say anything other than he was pressured by the system to represent himself. (Tr. 903-904, 917). Accordingly, the PCR court's findings was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Three.

## Ground Four

In Ground Four, Petitioner agues that his constitutional rights to effective assistance of counsel were violated when appellate counsel failed to argue that he did not knowingly and intelligently waive his right to counsel. Specifically, Petitioner argues that counsel failed to argue that he did not waive counsel for his Schmerber hearing.

Respondent argues that there is no requirement for a waiver of counsel to be continually revisited and that Petitioner's right does not revive without any request to withdraw the valid waiver. Therefore, Respondent asserts that the PCR judge's ruling

was reasonable, and Petitioner is not entitled to any relief.

The PCR court found that counsel testified that once the Applicant waived his right to counsel once, the right was waived and was clearly waived at the Schmerber hearing if not before. Counsel testified that he did not think the Applicant's waiver of counsel at the Schmerber hearing was a meritorious issue on appeal. (Tr. 1013). After a review of the record, the PCR court held the following with respect to this issue:

> This Court finds appellate counsel was not ineffective for failing to argue the Applicant did not freely and voluntarily waive his right to counsel at a pre-trial Schmerber hearing held on June 11, 2003. Appellate counsel is not required to raise every non-frivolous issue that is presented in the record on appeal. This Court finds counsel's conclusion was particularly persuasive in light of the fact that the issue on appeal was whether or not counsel freely and voluntarily waived his right to counsel at the April 2003 hearing which was held before the Applicant's Schmerber hearing.

(Tr. 1015).

The PCR court held that appellate counsel properly concluded that waiver of the Applicant's right to counsel at his Schmerber hearing was not a meritorious issue for appeal. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra. The state PCR court's findings of fact are entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1). As discussed under Ground One, supra, the trial judge granted Petitioner's request to terminate his counsel, Mr. Bishop, at a hearing held on April 30, 2003. It was noted in this order

23

relieving counsel that "much discussion was had with the Defendant regarding the seriousness of the charged offenses and the potential impact upon the Defendant should his request be granted. . . . Mr. Grant was fully warned about the inherent risks of delaying representation by other counsel, appointed or retained. Mr. Grant acknowledged he understood and accepted the risks of his request." (Doc. #21-4, at 3). At the beginning of the <u>Schmerber</u> hearing held on June 11, 2003, the judge again inquired of Petitioner if he was representing himself since he had fired his previous lawyer and would not allow the court to appoint a public defender to represent him. Petitioner informed the court that he was representing himself. (Tr. 4-5). At the end of the <u>Schmerber</u> hearing, the judge stated "I really hope you'll seriously consider hiring an attorney or re-thinking and allowing the Court to appoint one for you." (Tr. 19-20).  Based on the record presented, the PCR court's finding Appellant counsel not ineffective for not raising on appeal the lack of valid waiver of trial counsel, was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Four.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #22) be granted and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
March 11, 2016                           United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.