# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| Derrick Grant,                )<br>                              )<br>         Petitioner,      )<br>                              )<br>    v.                        )<br>                              )<br>Warden, Broad River Correctional  )<br>Institution,                  )<br>                              )<br>         Respondent.      )<br>_____) | C.A. No.: 4:15-cv-2728-PMD-TER<br><br>**ORDER** |

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Thomas E. Rogers' report and recommendation ("R & R") (ECF Nos. 38 & 36). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 22).

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made— this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Petitioner has asserted four grounds for habeas relief under 28 U.S.C. § 2254. The Magistrate Judge has concluded those grounds have no merit, and thus he recommends granting summary judgment for Respondent. In his "objections," Plaintiff has merely restated—nearly verbatim—the grounds in his § 2254 petition. As those are not true objections, the Court will not address them. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).

There being no proper objections to the R & R, the Court has reviewed the R & R and the record for clear error. Seeing no substantive errors in the R & R, the Court agrees with the Magistrate Judge that summary judgment is appropriate.

## CONCLUSION

It is hereby **ORDERED** that Petitioner's objections to the R & R are **OVERRULED**, that Respondent's motion for summary judgment is **GRANTED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[1]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**April 11, 2016**
**Charleston, South Carolina**

---

1. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).